40 Ontario Drive
Hudson, MA 01749

FILED
IN CLERK'S OFFICE

2004 FEB -6  P 12: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

Clerk of Court
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

February 2, 2004

RE:   CASE NUMBER: 03 12578 PBS

Dear Sir or Madam:

On January 8, 2004, I received a summons to answer to a complaint (Case # 03 12578 PBS). After many unsuccessful attempts (playing phone tag) over a two week period of time, I was finally able to speak with the Plaintiff's (Comcast of Massachusetts III, Inc.) attorney. On January 24, 2004, I spoke for some time with Mr. John McLaughlin (Plaintiff's attorney) on the complaint.

On January 28, 2004, a letter summarizing the phone conversation was written and faxed to the Plaintiff's attorney. A copy of the letter was also mailed to the Plaintiff's attorney on February 2, 2004.

On January 29, 2004, I called the courthouse to make sure I had fulfilled the requirements of the summons and to inquire about filing with the court. I was told that it sounded as if I had responded correctly but it may be up to the Plaintiff's attorney. I was also informed that I should get the local rules for filing. I went online and downloaded the local rules. After reading the local rules I was somewhat confused, so I hope that this filing is satisfactory. I have also enclosed a copy of the summons and the letter I faxed and sent to Comcast's attorney

Thank you for your attention (and patience) in this matter.

Sincerely,

Kevin Carter, pro se

CASE NUMBER:   03 12578 PBS
PLAINTIFF:     COMCAST OF MASSACHUSETTS III, INC.
DEFENDANT:     KEVIN CARTER
               40 ONTARIO DRIVE
               HUDSON, MA 01749
               (978) 562-9339

AO 440 (Rev. 10/93) Summons in a Civil Action



# UNITED STATES DISTRICT COURT

District of MASSACHUSETTS

2004 FEB -6  P 12: 21

Comcast of Massachusetts III, Inc.

V.

Kevin Carter

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 03-12578 PBS

A TRUE COPY ATTEST

DEPUTY SHERIFF
Middlesex County

01-08-04
DATE OF SERVICE

TO: (Name and address of Defendant)

Kevin Carter
40 Ontario
Hudson, MA 01749

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John M. McLaughlin
McLaughlin Sacks, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865

an answer to the complaint which is herewith served upon you, within  twenty (20)   days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS

CLERK

(By) DEPUTY CLERK

DEC 22 2003

DATE

40 Ontario Drive
Hudson, MA 01749

Mr. John McLaughlin
McLaughlin Sacks, LLC
31 Trumbull Road
Northampton, MA 01060

FILED
CLERK'S OFFICE

2004 FEB -6 P 12 24

DISTRICT COURT
DISTRICT OF MASS.

January 27, 2004

Dear Mr. McLaughlin:

I am writing this letter to thank you for taking the time to speak with me last week (January 22, 2004) regarding the Comcast complaint (Case # 03 12578 PBS). I am also writing this letter to serve as proof that I did in fact respond to you regarding the Comcast complaint within the twenty days required by the summons served on me on January 8, 2004.

As you may recall, on January 22, 2004, we spoke by phone, at length, on the Comcast complaint and I will do my best to summarize the conversation. The summary is as follows:

- I stated that I did not knowingly, willfully, intentionally, or maliciously defraud the cable company as it is suggested in the complaint.

- I purchased the cable box after speaking with a cable company representative (I believe the cable company was Cablevision at the time) who stated that I could expand cable to any one or more rooms in my house at no charge and I could purchase or rent cable boxes. The cable company representative suggested if I were to purchase a cable box, it should be the exact make and model cable box as the one supplied by the cable company. I purchased an exact model through an advertisement in a popular electronics magazine.

- I told you that I went through this process more than two years ago. AT&T (the company bought by Comcast) investigated the cable box and I cooperated with them. This cooperation included home inspection and any information they requested which I could provide. AT&T found no reason to pursue the matter any further.

- After a group of four AT&T representatives investigated my house, one of the representatives stated something to the effect that everything was OK and they found nothing wrong.

- You mentioned that the cable company security personnel showed up unannounced one evening and my wife would not let them in. With two small children in the house and the fact they showed up unannounced, I told you I not only didn't blame her for not letting them in, but also, that I would have been upset with her if she had let someone she didn't know in.

- I have been a cable company customer for more than 22 years and I had one of the highest cost cable packages that was available both before and after the purchase of the cable box.

- My intention was to purchase several cable boxes so I could put cable in several rooms in my house in Hudson. But due to certain life and family events, finances, and priorities, the cable was never completed in any additional rooms. The AT&T home investigation should confirm this. Because the cable lines were not run to any other rooms, the box sat idle for quite some time.

- During the 1990's, I lived at and worked on my home in Leominster. During this time I ran cable to most rooms in my home. I also ran lines to other areas of the house that I found myself working on for extended periods of time such as the attic and basement. When I wanted to watch a cable channel (mainly sports) I would move one of my cable boxes to that location. We moved to Hudson in June of 1997 and I spent all of 1997 and most of 1998 working on Hudson. At some point (I don't recall the exact time - perhaps mid to late 1998) I started to work on Leominster again and I decided to try the cable box I purchased, in order to watch television while I worked. The cable box never worked and I simply hooked the TV up to an antenna. I put the box aside and continued on with my work. I did not know at that time and still do not know if the box was defective/incompatible or the cable line was not run correctly. In any case, the cable box was never used. At some point between then (mid to late 1998) and when I was contacted by AT&T, the box (as well as a small 13" TV) disappeared from my house in Leominster. After I moved to Hudson, I didn't visit Leominster all that often and I didn't think to check on the box or TV when I did visit, so it is impossible to determine exactly when they were taken. Because my home in Leominster is a two family home with many tenant turnovers, it is also impossible to determine who may have taken the TV and cable box or if one of the tenants turned the cable box in to the cable company when they moved out.

- You had mentioned illegal splicing and illegal use of cable in Leominster during our conversation. I told you that I could provide you a copy of a lease in use at the time which shows the tenants have right to use certain areas of the house where the cable lines were run. Please let me know if you would like a copy of a lease.

- I also mentioned that I am experiencing serious financial hardship and have been for many months. Trying to keep a roof over my family is my main priority. I cannot afford a lawyer so I am doing my best to defend myself. I also stated that even if I just wanted to make this complaint go away, I couldn't because I couldn't come up with any money, not to mention anything close to what you are suggesting.

I hope that after digesting our phone conversation and reading this letter, you will determine that there is no need to pursue this complaint any further. If you have any questions or would like any additional information please feel free to contact me at the above address or by phone at (978) 562-9339

Sincerely,

Kevin Carter