UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| Comcast of Massachusetts III, Inc. ) | Case No.: 03-12578-PBS |
| ) | |
| Plaintiff, ) | MOTION TO AMEND |
| ) | SCHEDULING /PRETRIAL ORDERS |
| vs. ) | AND FOR COSTS |
| ) | |
| Kevin Carter ) | |
| ) | |
| Defendant ) | |

The Plaintiff hereby moves the court for an order:

1. Extending all of the pertinent deadlines in the above referenced orders by at least 90 days;

2. Requiring and the Defendant to reimburse the Plaintiff for costs and attorney's fees it incurred as a result of the Defendants failure to appear at a properly noticed deposition on April 21, 2004.

The pretrial and scheduling orders presently pending in this action provide for:

1. Trial on May 31, 2004;

2. The filing of various pretrial motions by April 26, 2004;

3. Each party shall take one deposition; and

4. Each party shall exchange documents.

**Certification pursuant to LR D. Mass 7.1 (A) (2)**

Plaintiff's counsel certifies that he left the Defendant a voicemail on April 21, 2004, with no response to date. Accordingly, Plaintiff's counsel has been unable to get in touch with the Defendant to discuss matters set forth in this motion.

In support of this motion the Plaintiff contends that it cannot file the pretrial motions and documentation by April 26, 2004 and the Plaintiff cannot prepare for trial because the Defendant has completely failed to abide by the existing discovery order in that:

1. Despite his reliance upon certain lease documentation that he may need for his defense he has given no documentation to the Plaintiff; and

2. More importantly, the Plaintiff has been unable to depose the Defendant. Specifically, the Defendant did not appear at a properly noticed deposition on April 21, 2004 and the Plaintiff is entitled to costs and attorney's fees with reference to the Defendants failure to appear at said deposition.

The plaintiff contends that the factual bases for the extension of time and the reimbursement of attorney's fees and costs is that:

1. In light of the existing orders in this action Plaintiff could not do the standard written discovery but instead was to rely upon:
    a. The deposition of the Defendant and;
    b. The Defendant's delivery of his pertinent documentation to the Plaintiff;
2. The parties have agreed to mediate this matter. That mediation is now scheduled for May 7, 2004. The mediator had proposed an earlier date which was acceptable to the Plaintiff but which was rejected *by the Defendant*.

3. The Plaintiff had already made its initial disclosures pursuant to FRCP 26(a) and, pursuant to the court order the Plaintiff also gave certain "witness statements" to the Defendant;

4. On or about April 13, 2004 the Plaintiff noticed the Deposition of the Defendant for April 21, 2004;

5. Soon thereafter, Plaintiff's counsel received a voicemail message from the Defendant to the effect that he did not wish to have deposition on that date;

6. Plaintiff's counsel immediately called Defendant, leaving a voicemail to the effect that the Plaintiff must go forward with the deposition because of the short timeframe set forth in the scheduling order;

7. Thereafter, after not receiving a return phone call from the Defendant, Plaintiff's counsel called the Defendant again advising Defendant that plaintiff must go forward with the Deposition on April 21, 2004;

8. Not hearing from the Defendant, the Plaintiff and its counsel prepared to move forward with the deposition on April 21, 2004 with said deposition to be held in the Plaintiff's Maynard, Massachusetts facility located close to the Defendant for his convenience;

9. At approximately 3:22 a.m., April 21, 2004, the Plaintiff's counsel's office received a voicemail from the Defendant saying he would not go to any deposition before mediation.

10. Plaintiff's counsel was driving from his home in Northampton, Massachusetts and Plaintiff's representative was driving from New Hampshire, when

personnel from Plaintiff's counsel's office contacted them by cell phone informing them that Defendant was refusing to appear.

11. Plaintiff will incur various costs because of the late cancellation of the deposition. Should this court grant this motion for costs, the Plaintiff would file affidavit detailing same.

In further support of this motion please see the affidavit of John M. McLaughlin.

4/26/04
Date

Attorney for Plaintiff, DIRECTV, Inc.

John M. McLaughlin (BBO: 556328)
MCLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865